Per Curiam.

It is petitioner’s contention that his sentence has expired, since 15 years have passed from the time of his original sentence, and thus he is entitled to release. This would be true if petitioner had served his sentence without interruption either in the penitentiary or while on parole.
The fact that petitioner during a part of this time was on parole did not, of course, affect the running of the sentence inasmuch as one on parole is considered to be in technical custody and is, therefore, deemed to be serving his sentence during this period. However, when a parolee violates his parole and becomes a declared parole violator he is no longer in constructive custody, his status then changes and he is considered to be essentially an escaped prisoner, which status interrupts the running of the sentence. King v. Maxwell, Warden, 173 Ohio St., 536; and 67 Corpus Juris Secundum, 611, Pardons, Section 22.
*209 This precise situation is covered by statute in Ohio. Section 2965.21, Bevised Code, as in effect since 1959, reads in part as follows:
í i * * * ^ guch case, the time from the date of the declared violation of his pardon or parole to the date that he becomes available for return to the institution shall not be counted as a part of time or sentence served.”
Thus, under the Ohio law, although a parolee’s sentence continues to run while he is legally on parole, once he is declared a parole violator his sentence ceases to run and the time during which he is at large as a parole violator is not counted as a part of his sentence served. His sentence commences to run again only in conformity with the terms of the statute.
During the period of petitioner’s sentence, Section 2965.21, Bevised Code, so far as the time at which a declared parole violator’s sentence commences to run, has undergone several changes.
• From the time of petitioner’s sentence until 1959 the law provided that the time between the declaration of parole violation and the arrest or return should not be counted as time served. The present statute enacted in 1959 provides that the time between the declaration of violation and the time a parolee is available for return shall not be counted.
Petitioner urges that the time he was held as a parole violator has not been counted as time served. The evidence shows that this is not a fact. Although petitioner, during the time he was :on parole, was arrested and served time in various other jurisdictions, these arrests and the time served were not for parole violation but for other offenses.
Petitioner contends, however, that the time he served in various jails for other offenses during the time he was at large must be counted as time served under his Ohio sentence since he was arrested for these offenses and available for return.
.. ' The argument of petitioner in this respect is without foundation. Although Section 2965.21, Bevised Code, provides in effect that a parole violator’s sentence which had been interrupted by a declared parole violation commences to run again upon his arrest or return to the institution, the arrest referred !o in this section refers only to his arrest as a parole violator *210 and not an arrest for another and distinct offense. In other words, the arrest for another offense during the time one is at large as a declared parole violator does not, under the statute, constitute an arrest which will have the effect of recommencing the interrupted sentence from which one is on parole.
A declared parole violator has the same status as an escaped prisoner, and neither his arrest nor incarceration for other offenses committed while he is on parole acts to recommence the running of his sentence which was interrupted by the declaration of violation of parole, nor is he entitled to credit for time served on his parole sentence for time served on sentences for other offenses committed while he is large on parole. See Anderson, Warden, v. Corall, 263 U. S., 193; and 24B Corpus Juris Secundum, 673, Criminal Law, Section 1996(5).
Petitioner’s maximum sentence has not expired, and, therefore, he is legally in custody.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.